IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| MAVERICK RECORDING, Company, a California joint venture, VIRGIN RECORDS AMERICA, Inc., a California corporation, UMG RECORDINGS, Inc., a Delaware corporation, SONY BMG MUSIC ENTERTAINMENT, a Delaware general partnership, BMG MUSIC, a New York general partnership, WARNER BROS. RECORDS, Inc., a Delaware corporation, MOTOWN RECORD, Company, L.P., a California limited partnership, ARISTA RECORDS, LLC, a Delaware limited liability company, and CAPITOL RECORDS, Inc., a Delaware corporation, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | CASE NO. 8:06CV409 |
| Plaintiffs, | ) ) | DEFAULT JUDGMENT AND PERMANENT INJUNCTION |
| v. | ) ) ) | |
| SHIRLEY SOPCICH, | ) ) | |
| Defendant. | ) | |

The Plaintiffs' Complaint that alleges copyright infringement was filed on May 30, 2006. Defendant Shirley Sopcich was served with process on July 10, 2006. (Filing No. 7). Upon the Plaintiffs' motion, entry of default was made by the Clerk of the Court. (Filing No. 10). The matter is now before the Court on the Plaintiffs' Motion For Default Judgment, which is supported by Plaintiffs' brief and the Affidavit of David V. Clark. (Filing Nos. 11 and 13). Plaintiffs seek default judgment, statutory damages, permanent injunctive relief, and costs from Sopcich.

I have reviewed the matter, and I find that the Plaintiffs have complied with Fed. R. Civ. P. 55 and NECivR 55.1(c). "A default judgment entered by the court binds the party

facing the default as having admitted all of the well pleaded allegations in the plaintiff's complaint." *Angelo Iafrate Const., LLC v. Potashnick Const., Inc.*, 370 F.3d 715, 722 (8th Cir. 2004). Based on the facts as alleged in the Complaint and in the Clark Affidavit,

IT IS ORDERED, ADJUDGED AND DECREED:

1.    Plaintiffs' Motion for Default Judgment (Filing No. 11) is granted;

2.    Default Judgment is entered in favor of the Plaintiffs and against Defendant Shirley Sopcich as follows:

a.    Defendant shall pay damages to Plaintiffs for infringement of Plaintiffs' copyrights in the sound recordings identified in the attachment to the Complaint, in the total principal sum of Twelve Thousand Seven Hundred Fifty Dollars ($12,750.00);

b.    Defendant shall pay Plaintiffs' costs of suit in the amount of Four Hundred Twenty Dollars ($420.00);

c.    Defendant is enjoined from directly or indirectly infringing Plaintiffs' rights under federal or state law in the following copyrighted sound recordings:

- "You Learn," on album "Jagged Little Pill," by artist "Alanis Morissette" (SR# 213-545);

- "That's The Way Love Goes," on album "Janet," by artist "Janet Jackson" (SR# 174-392);

- "White, Discussion," on album "Throwing Copper," by artist "Live" (SR# 187-926);

- "She Bangs," on album "Sound Loaded," by artist "Ricky Martin" (SR# 305-060);

2

- "Every Other Time," on album "Life Is Good," by artist "LFO" (SR# 300-386);

- "Wicked Game," on album "Heart Shaped World," by artist "Chris Isaak" (SR# 107-765);

- "Under The Bridge," on album "Blood Sugar SexMagik," by artist "Red Hot Chili Peppers" (SR# 135-276);

- "Water Runs Dry," on album "11," by artist "Boyz 11 Men" (SR# 196-004);

- "Give Me Just One Night (Una Noche)," on album "Revelation," by artist "98 Degrees" (SR# 270-025);

- "Say You'll Stay," on album "Kai," by artist "Kai" (SR# 256-001);

- "Caress Me Down," on album "Sublime," by artist "Sublime" (SR# 224-105);

- "Funkdafied," on album "Funkdafied," by artist "Da Brat" (SR# 199-136);

- "Always Be My Baby," on album "Daydream," by artist "Mariah Carey" (SR# 215-243);

- "Emotions," on album "Emotions," by artist "Mariah Carey" (SR# 134-831);

- "There You Go," on album "Can't Take Me Home," by artist "Pink" (SR# 279-958);

- "I'm So Into You," on album "It's About Time," by artist "SWV" (SR# 146-905);

3

- "Sabotage," on album "11 Communication," by artist "Beastie Boys" (SR# 213-461);

and in any other sound recording, whether now in existence or later created, that is owned or controlled by the Plaintiffs (or any parent, subsidiary, or affiliate record label of Plaintiffs) ("Plaintiffs' Recordings"), including without limitation by using the Internet or any online media distribution system to reproduce (i.e., download) any of Plaintiffs' Recordings, to distribute (i.e., upload) any of Plaintiffs' Recordings, or to make any of Plaintiffs' Recordings available for distribution to the public, except pursuant to a lawful license or with the express authority of Plaintiffs.  Defendant also shall destroy all copies of Plaintiffs' Recordings that Defendant has downloaded onto any computer hard drive or server without Plaintiffs' authorization and shall destroy all copies of those downloaded recordings transferred onto any physical medium or device in Defendant's possession, custody, or control.

DATED this 26th day of December, 2006.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge

4